IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OLGA KUCERAK, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF SUSAN M. WOOD, <br>    *Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br>    *Defendant.* | § § § § § § § § § § §    SA-22-CV-00007-XR |

## **SCHEDULING ORDER**

The disposition of this case will be controlled by the following order. If a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

**MOTIONS FOR LEAVE TO AMEND PLEADINGS**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is **August 12, 2022**.

The deadline for Defendant(s) to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is **August 26, 2022**.

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by FED. R. CIV. P. 26(a)(2)(B) on or before **September 12, 2022**.

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by FED. R. CIV. P. 26(a)(2)(B) on or before **October 12, 2022**.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by FED. R. CIV. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and

identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under FED. R. CIV. P. 26(e) is **December 9, 2022**.

### WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES

The deadline for filing Rule 26(a)(3) disclosures is **March 17, 2023**.

The deadline for filing objections under Rule 26(a)(3) is **March 31, 2023**. Any objections not made will be deemed waived.

### COMPLETION OF DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is **January 9, 2023**.

### ALTERNATIVE DISPUTE RESOLUTION/MEDIATION

The parties must mediate this case on or before **February 23, 2023** and file a report in accordance with Rule 88 within seven days after the mediation is completed.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

### PRETRIAL MOTIONS

No motion (other than a motion *in limine*) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and *Daubert* motions) is **February 8, 2023**. This deadline is also applicable to the filing of any summary judgment motion under FED. R. CIV. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. FED. R. CIV. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion *in limine* is **April 14, 2023**.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on **April 27, 2023** at **10:30 a.m.**

Motions *in limine*, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion *in limine* or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The Bench Trial Date is **May 8, 2023** at **10:40 a.m.**

It is so **ORDERED**.

**SIGNED** this June 6, 2022

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE